# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| Douglas Robinson, Board of Trustees Chairman, and David Tharp, Board of Trustees Secretary, on behalf of INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND and on behalf of INDIANA REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PLAN; et al.,<br>　　　　Plaintiffs,<br><br>vs.<br><br>1st AMERICAN STEEL, LLC and DAVID CASTELLANOS,<br>　　　　Defendants.<br><br>　　and<br><br>POWER AND SONS CONSTRUCTION COMPANY INCORPORATED,<br><br>Garnishment Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 2:11-CV-309<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the court on the Plaintiff's Verified Motion for Turnover [DE 24] filed on January 23, 2013. For the following reasons, the motion is **DENIED**.

### Background

On July 9, 2012, the court entered a default judgment, against the defendants, 1st American Steel, LLC and David Castellanos, in the amount of $34,175.28 plus post-judgment interest. The plaintiffs have not received any payments from the defendants. The plaintiffs conducted an initial asset examination. At the examination, Castellanos admitted that he owned the judgment debtor company and another company, 1st American Construction, Inc. The

1

defendants agreed to produce certain records on their assets and debts, and the hearing was continued until March 6, 2013.

The plaintiffs received information that Garnishee Defendant, Power and Sons Construction Company Inc., had an obligation owing to Castellanos or 1st American. The plaintiffs filed a motion for an order directing Power and Sons to answer interrogatories and to describe their relationship with the defendants. Power and Sons responded to the interrogatories and stated that it owes $5,680.67 to 1st American Construction, Inc. The plaintiffs now move for an order directing Power and Sons to pay the plaintiffs the $5,680.67 in project proceeds that it still owes 1st American Construction. The defendants dispute whether Castellanos ever has been sued in his individual capacity and whether Power and Sons can be ordered to turnover money due to the non-party 1st American Construction.

## Discussion

The judgment-creditor bears the burden of demonstrating that the judgment-debtor has property or income subject to execution. *Carter v. Grace Whitney Properties*, 939 N.E.2d 630, 637 (Ind. App. 2010). The existing rules of property govern whether the judgment-debtor holds an interest in the property subject to execution. *Arend v. Etsler,* 737 N.E.2d 1173, 1176 (Ind. App. 2000).

Castellanos first argues that First American Steel and First American Construction are distinct entities. The parties are in agreement that the only way the plaintiffs can attach the money owed to First American Construction is through Castellanos. To succeed, the plaintiffs must establish that the money is Castellanos' personal property. However, Castellanos argues that he was not sued in his individual capacity and that his personal assets, therefore, are not

2

subject to execution. The court finds this argument unavailing. The complaint, judgment, and post-judgment motions each named 1st American Steel and David Castellanos as the defendants. Castellanos was a named individually as a defendant, and all of the court documents reflect as such. Therefore, his personal property is subject to execution, leaving the court to decide whether the money owed to First American Construction is Castellanos' personal property.

The court begins this inquiry by noting that 1st American Construction was identified in both parties' briefs as a corporation. A corporation is a legal entity created by the state, which has its own legal identity. *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 89–91, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987) ("It thus is an accepted part of the business landscape in this country for States to create corporations, to prescribe their powers, and to define the rights that are acquired by purchasing their shares."); *Dean Foods Co. v. Brancel*, 187 F.3d 609, 615 (7th Cir.1999) ("corporations ... are uniquely creations of state law."). A person who owns stock in a corporation does not own the capital, rather, the capital belongs to the corporation as a legal person. *Eisner v. Macomber*, 252 U.S. 189, 208, 40 S.Ct. 189, 193-194, 64 L.Ed. 521 (1920); *Department of Treasury of Indiana v. Crowder*, 15 NE 2d 89, 91 (Ind. 1938). Because a corporation is a separate legal entity, although Castellanos owns the corporation in its entirety, his ownership interest is distinct from the corporate assets. *See e.g.* *Brant v. Krilich*, 835 N.E.2d 582, 592 (Ind. App. 2005) (explaining that although a judgment creditor may not participate in the management of an LLC, a judgment creditor can be awarded an economic right to the debtor's interest). Castellanos' personal property consists of his shares of the corporation, not the corporate assets themselves. *Crowder*, 15 NE 2d at 91.

The money the plaintiffs seeks is an asset of the corporation, which, as explained above,

3

is a distinct and separate legal entity.  Ordering 1st American Construction to turnover the funds essentially would hold it liable for the debts of another.  The court acknowledges that this is somewhat convoluted because Castellanos is the sole owner, but the plaintiffs have not pointed to any authority which would allow the court to order turnover of 1st American Construction's assets on this basis alone.[1]

Corporations are entities of the state and so long as the corporation is in existence, they maintain their own legal identity.  There is no evidence that the corporation was dissolved or in the process of dissolving.  If such were true, the assets of the corporation would become the personal property of the owner, provided there were no creditors of that corporation to absorb the assets.  *See e.g.* **In re Mosher**, 417 B.R. 772, 780 (N.D. Ill. 2009).  Another way the separation between an owner and his corporation can be extinguished is by piercing the corporate veil.  *See* **Oliver v. Pinnacle Homes, Inc.**, 769 N.E.2d 1188, 1192 (Ind. App. 2002) (explaining how a plaintiff can pierce the corporate veil); **In re Mosher**, 417 B.R. at 780 (explaining that the corporate existence can be disregarded if the plaintiff can pierce the veil or show the company is being used as an alter ego).  However, the plaintiffs have made no attempt to show  either.  As it stands, the plaintiffs seek the asset of a separate legal entity and, despite having the burden to demonstrate that the property is subject to turnover, have not shown that they are entitled to the property.  For these reasons, the Plaintiff's Verified Motion for Turnover [DE 24] is **DENIED.**

ENTERED this 6th day of June, 2013

---

[1] This does not preclude the plaintiff from initiation garnishment proceedings against 1st American Construction, Inc.

/s/ Andrew P. Rodovich
United States Magistrate Judge